**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WENDY WILLIAMS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 23-00348-KD-B** |
| | * | |
| **WKRG 5,** | * | |
| | * | |
| **Defendant.** | * | |

**ORDER**

This action is before the Court on review.[1]  The record reflects that Plaintiff Wendy Williams, who is proceeding *pro se*, filed a complaint against "WKRG" or "WKRG 5"[2] on September 11, 2023.  (Doc. 1).  The complaint states that "[t]his is a diverse action asserting Alabama state law claims for slander per se, slander, libel per se, defamation, and invasion of privacy" based on "outlandish, defamatory, and way-out fictional stories done by WKRG" about Williams.  (Id. at 2).  The complaint alleges that after Williams was arrested by the Mobile Police Department on October 31, 2013, "WKRG 5 . . . endorsed and repeatedly . . . broadcast . . . verifiably false and devastating lies" about

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

[2] The complaint appears to refer to "WKRG" and WKRG 5" interchangeably, and it is not clear whether "WKRG" or "WKRG 5" is the intended name of the Defendant.  (See Doc. 1).

Williams, including claims that "(1). Wendy Williams was a credit doctor. (2). Wendy Williams had committed Identity theft. (3. That, Wendy Williams stole bad credit. (4). Wendy Williams had committed fraud." (Id.).   The complaint states that "WKRG 5 went on with this lie for several months[, and it] was also on the internet for several years and months." (Id.).   The complaint further alleges that "Fox"[3] falsely stated that Williams used drugs and sleeps outside.   (Id. at 4).

Upon review of Williams' complaint, the undersigned finds that it fails to sufficiently allege a basis for this Court's subject matter jurisdiction.   Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions.   Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).   Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings."   Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

---

[3] The instant complaint against "WKRG" or "WKRG 5" appears to have been largely copied from Williams' complaint in Williams v. Fox News Network, LLC, No. 1:23-cv-00211-JB-B (S.D. Ala. 2023), ECF No. 3, and it contains multiple apparently erroneous references to "Fox" or "Fox 10."   (See Doc. 1).

There are two primary types of subject matter jurisdiction given to federal district courts.[4]  First, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Second, district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).  "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' - the citizenship of every plaintiff must be diverse from the citizenship of every defendant."  Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).

As this Court has previously informed Williams,[5] a "plaintiff bears the burden of affirmatively asserting facts that show the existence of jurisdiction and including a short and plain statement of the grounds upon which the court's jurisdiction depends."  DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020) (quotation

---

[4] "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Williams does not cite or rely upon a specific statutory grant of jurisdiction.  Therefore, the Court will not further address this type of federal subject matter jurisdiction.

[5] See Williams v. Fox News Network, LLC, No. 1:23-cv-00211-JB-B (S.D. Ala. 2023), ECF No. 4.

omitted).  A party invoking federal jurisdiction based on diversity of citizenship must allege "the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013).  When a plaintiff fails to allege facts that, if true, show that federal subject matter jurisdiction over her case exists, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." Id.; see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Williams' complaint indicates that she is bringing only "Alabama state law claims" and attempting to invoke this Court's diversity jurisdiction; however, Williams fails to allege the citizenship of *any* party.  (See Doc. 1).  While the Court might infer based on her address and allegations that Williams is a citizen of Alabama, the complaint fails to make any allegation regarding the citizenship of the Defendant.  Given Williams' failure to allege the citizenships of each party to this action, the Court lacks sufficient information to satisfy the jurisdictional inquiry.

Williams' complaint is also deficient because it is a shotgun pleading that violates the Federal Rules of Civil Procedure.[6]  A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted).  Federal Rule of Civil Procedure 10(b) further provides that a party must state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). Among the categories of shotgun

---

[6] Although courts must liberally construe *pro se* pleadings and hold them to less stringent standards than formal pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), this does not give a court license to act as counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014). Even a *pro se* litigant is "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

pleadings are complaints that do "not separat[e] into a different count each cause of action or claim for relief," as well as complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Williams' complaint is a shotgun pleading because it purports to assert "Alabama state law claims for slander per se, slander, libel per se, defamation, and invasion of privacy" but fails to separate each cause of action or claim for relief into a different count. See Fed. R. Civ. P. 10(b). Furthermore, the complaint fails to specify the factual grounds upon which each of Williams' claims for relief are based, making it impossible to discern what conduct the Defendant is alleged to have engaged in with respect to each distinct cause of action asserted in the complaint.

Although Williams' complaint is deficient as drafted, dismissal at this juncture is premature. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." Majd-Pour v. Georgiana Cmty. Hosp., Inc.,

724 F.2d 901, 903 n.1 (11th Cir. 1984).  Similarly, a *pro se* plaintiff must generally be given at least one chance to remedy her complaint's deficiencies before her action can be dismissed *sua sponte* on shotgun pleading grounds.  Nezbeda v. Liberty Mut. Ins. Corp., 789 F. App'x 180, 183 (11th Cir. 2019) (per curiam). When a plaintiff fails to make meaningful modifications to her shotgun complaint, the court may dismiss the case under the authority of either Federal Rule of Civil Procedure 41(b) or the court's inherent power to manage its docket.  Weiland, 792 F.3d at 1321 n.10.

Accordingly, Williams is **ORDERED** to file, on or before **October 10, 2023,** an amended complaint that addresses and corrects the pleading deficiencies noted in this order.  Williams must plead her claims with sufficient specificity to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure.  In drafting her amended complaint, Williams must: (i) identify her pleading as an amended complaint; (ii) list all Defendants in the caption of the amended complaint; (iii) include a short and plain statement of the grounds for this Court's subject matter jurisdiction and assert facts that show the existence of subject matter jurisdiction; (iv) state her allegations in sequentially numbered paragraphs that are each limited as far as practicable to a single set of circumstances; (v) separate her causes of action or claims for relief (to the extent there are more than one) into different

numbered counts; (vi) make clear which factual allegations are intended to support which causes of action or claims for relief; (vii) clearly state the relief she seeks; and (viii) sign the amended complaint and include the signer's address, e-mail address, and telephone number.

Williams' amended complaint will replace her original complaint. Therefore, the amended complaint shall not rely upon or reference her previous complaint. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against her adversary when an amended complaint is filed).

Williams is hereby **cautioned** that if she fails to file an amended complaint within the ordered time, or if she files an amended complaint that fails to address and correct the pleading deficiencies that are described in this order, the undersigned will recommend that this action be dismissed.

Additionally, a review of the docket reflects that when Williams initiated this action, she neither paid the filing fee nor filed a motion to proceed without prepayment of fees as required. Accordingly, Williams is **ORDERED** to either pay the **$402.00** filing fee or file a motion to proceed without prepayment of fees on or before **October 10, 2023**. Williams is **cautioned** that

if she fails to comply with this order within the prescribed time, the undersigned will recommend that this action be dismissed.

The undersigned notes that Williams has been provided with a copy of this Court's Pro Se Litigant Handbook.  See Williams v. Fox News Network, LLC, No. 1:23-cv-00211-JB-B (S.D. Ala. 2023), ECF No. 4.  Williams is again encouraged to review the handbook carefully and utilize it in drafting her amended complaint, so as to avoid further repetition of the pleading deficiencies identified herein.

The Clerk is **DIRECTED** to send Williams a copy of this Court's form for a motion to proceed without prepayment of fees.

**DONE** this **18th** day of **September, 2023.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**