```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | |
|---|---|
| **WENDY WILLIAMS,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00348-KD-B |
| | * |
| **WKRG 5,** | * |
| | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review.[1] On September 11, 2023, Plaintiff Wendy Williams, who is proceeding *pro se*, filed a complaint against "WKRG" or "WKRG 5."[2] (Doc. 1). When she initiated this action, Williams neither paid the filing fee nor filed a motion to proceed without prepayment of fees as required.

In her complaint, Williams stated that "[t]his is a diverse action asserting Alabama state law claims for slander per se, slander, libel per se, defamation, and invasion of privacy" based on "outlandish, defamatory, and way-out fictional stories done by WKRG" about Williams. (<u>Id.</u> at 2). Specifically, Williams alleged that after she was arrested by the Mobile Police Department on

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. 72(a)(2)(S).

[2] The complaint apparently refers to "WKRG" and "WKRG 5" interchangeably. (<u>See</u> Doc. 1).

October 31, 2013, "WKRG 5 . . . endorsed and repeatedly . . . broadcast . . . verifiably false and devastating lies" about her, including claims that she "was a credit doctor[,] . . . had committed Identity theft[,] . . . stole bad credit[,] . . . [and] had committed fraud." (Id.). Williams alleged that "WKRG 5 went on with this lie for several months[, and it] was also on the internet for several years and months." (Id.). Williams further alleged that "Fox"[3] falsely stated that she used drugs and sleeps outside. (Id. at 4).

In an order dated September 18, 2023, the Court found that Williams' complaint was deficient because it failed to sufficiently allege a basis for this Court's subject matter jurisdiction and was a shotgun pleading that violated the Federal Rules of Civil Procedure. (Doc. 2 at 2-6). With regard to subject matter jurisdiction, the undersigned noted that the complaint indicated that Williams was bringing only "Alabama state law claims" and was attempting to invoke this Court's diversity jurisdiction. (Id. at 4). However, the Court found that the complaint failed to allege sufficient facts to show the existence of diversity jurisdiction in this case because it did not allege

---

[3] Williams' instant complaint against "WKRG" or "WKRG 5" appears to have been largely copied from her earlier complaint in Williams v. Fox News Network, LLC, No. 1:23-cv-00211-JB-B (S.D. Ala. 2023), ECF No. 3, and the instant complaint contains several apparently erroneous references to "Fox" or "Fox 10." (See Doc. 1).

2

the citizenship of any party to this action. (Id.).

The Court found that Williams' complaint was a shotgun pleading because it purported to assert "Alabama state law claims for slander per se, slander, libel per se, and invasion of privacy" but failed to separate each cause of action or claim for relief into a different count and failed to specify the factual grounds for each of Williams' various claims for relief, "making it impossible to discern what conduct the Defendant is alleged to have engaged in with respect to each distinct cause of action asserted in the complaint." (Id. at 6).

The Court ordered Williams to file an amended complaint addressing and correcting the noted deficiencies in her original complaint by October 10, 2023. (Id. at 7-8). The Court also noted Williams' failure to pay the filing fee or file a motion to proceed without prepayment of fees, and it ordered Williams to either pay the filing fee or file a motion to proceed without prepayment of fees by October 10, 2023. (Id. at 8). The undersigned cautioned Williams that failure to comply with the Court's order within the prescribed time would result in a recommendation that this action be dismissed. (Id. at 8-9).[4]

---

[4] The undersigned directed the Clerk to send Williams a copy of this Court's form for a motion to proceed without prepayment of fees and noted that Williams had already been provided with a copy of the Court's Pro Se Litigant Handbook. (Doc. 2 at 9). The undersigned encouraged Williams to review the Pro Se Litigant Handbook carefully and utilize it in drafting her amended complaint

3

To date, Williams has not filed an amended complaint as directed, despite being ordered to do so no later than October 10, 2023. Likewise, Williams has neither paid the filing fee nor filed a motion to proceed without prepayment of fees as ordered. Williams has not requested additional time within which to comply with the Court's order, she has not indicated that she is unable to comply with the Court's order, and she has provided no explanation for her failure to timely comply with the Court's directives. Additionally, the docket reflects that none of the orders or documents sent to Williams in this case have been returned to the Court as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to

---

so as to avoid repetition of her pleading errors. (Id.).

4

prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Williams has made no apparent attempt to comply with the Court's order directing her to file an amended complaint and either pay the filing fee or file a motion to proceed without prepayment of fees by October 10, 2023, despite the undersigned's clear warning that her failure to timely comply with the Court's order would result in a recommendation that this action be dismissed. Williams has not explained her failure to comply with the Court's order, indicated that she is unable to comply, or sought additional time within which to comply. Williams' failure to comply with this Court's directives suggests that she has lost interest in and abandoned the prosecution of this action. In light of Williams' failure to prosecute this action, and her failure to obey this Court's order by timely filing a complying amended complaint and either paying the filing fee or filing a motion to proceed without prepayment of fees as directed, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule

5

41(b) and this Court's inherent authority.[5]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

---

[5] "[T]he dismissal 'without prejudice' of an action barred by the statute of limitations is tantamount to a dismissal 'with prejudice'." Cogan v. Allianz Life Ins. Co. of N. Am., 592 F. Supp. 2d 1349, 1355 (N.D. Ala. 2008) (citation omitted). The Court notes that Williams appears to complain of defamatory statements and intrusions into her private affairs that occurred in 2013 or shortly thereafter, although the complaint does not specifically state when the actions complained of occurred. (See Doc. 3). Under Alabama law, the statute of limitations on a defamation claim is two years. See Ala. Code § 6-2-38(k) ("All actions of libel or slander must be brought within two years."). The two-year "statute of limitations for actions alleging libel or slander prescribes a period that runs from the date of publication—that is the date on which the injury to the plaintiff's reputation occurs and the cause of action is completed." Poff v. Hayes, 763 So. 2d 234, 242 (Ala. 2000); see also Harris v. Winter, 379 So. 2d 588, 590 (Ala. 1980) ("It is the law of Alabama that a cause of action for libel accrues when the libelous matter is published."). Similarly, "[i]nvasion of privacy claims are subject to the two-year statute of limitations set out in [Ala. Code] § 6-2-38(l)." Shuler v. Duke, 2018 U.S. Dist. LEXIS 90409, at *29, 2018 WL 2445685, at *11 (N.D. Ala. May 31, 2018), aff'd, 792 F. App'x 697 (11th Cir. 2019) (per curiam). Therefore, it appears that some or all of Williams' claims are barred by the applicable Alabama statute of limitations, and that a dismissal of this action without prejudice would be tantamount to dismissal of those claims with prejudice, because Williams would not have the ability to re-file those claims within the limitation period. Nevertheless, the undersigned submits that dismissal without prejudice is an appropriate sanction. First, it appears that Williams' claims that are barred by the applicable statute of limitations would be barred whether raised in the instant action or in a subsequent action. Moreover, Williams' repeated failures to obey the Court's orders in this and other recent cases show a clear record of delay and willful misconduct, and it does not appear that any lesser sanction will suffice to induce Williams' compliance with the Court's orders.

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **October, 2023.**

                                        /s/ SONJA F. BIVINS
                               **UNITED STATES MAGISTRATE JUDGE**